BULLINGTON et ux. v. TEXAS & N. O. R. CO. (No. 9037.)

Court of Civil Appeals of Texas. Galveston. Nov. 17, 1927.

Rehearing Denied Dec. 8, 1927.

Carriers ⚖➡271—Railroad, carrying sick passenger past destination without knowledge of sickness, held as matter of law not liable for his death.

Railroad *held*, as matter of law, not liable for death of passenger, who was carried past destination, having become ill on trip, and being physically incapable of taking care of himself when destination was reached, where there was no evidence to show that railroad or its employees knew of passenger's condition, or that there were circumstances from which they should have learned of it.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Preston E. Bullington and wife against the Texas & New Orleans Railroad Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Gill, Jones & Tyler, of Houston, for appellants.

Baker, Botts, Parker & Garwood, Garrison & Watson, and Roy L. Arterbury, all of Houston, for appellee.

LANE, J. This suit was brought by Preston E. Bullington and wife, Maida P. Bullington, against the Texas & New Orleans Railroad Company, to recover damages suffered by them by reason of the death of their son, Palmer Bullington, which they alleged was caused by and through negligence of said Railroad Company.

For cause of action the plaintiffs substantially alleged that their son was on March 12, 1921, a passenger on one of the passenger trains of the defendant, traveling from New Orleans, La., to Houston, Tex., on a through ticket; that he took passage on said train at New Orleans in the early morning of said 12th day of March, 1921, and en route to Houston, Tex., delivered his ticket to the conductor in charge of the train, which arrived at Houston at 10:35 p. m. on said 12th day of March, 1921; that en route Palmer Bullington became violently and seriously ill, and that when the train upon which he was a passenger reached Houston he was in an unconscious condition, and totally unable to care for himself, and did not know when the train reached Houston; that the car in which their son was traveling did not stop at Houston, except for a short while, for the purpose of discharging and taking on passengers; that it was a through car, going on to San Antonio over the Galveston, Harrisburg & San Antonio Railroad; that this son remained in said car and was carried 40 miles west of Houston, to the town of Rosenberg, where he was put off at about 12:30 a. m. March 13, 1921, while in an unconscious condition. The negligence alleged was:

"First, "in not putting the said Palmer Bullington off its train at Houston, Tex., the point of destination, because the agents, servants and employés of defendant, Texas & New Orleans Railroad Company, knew of the helpless and unconscious condition of the said Palmer Bullington, or could have known the same by the care and diligence owing by the defendant, its agents, servants, and employés, to the said Palmer Bullington as a passenger on its said train at the time and before the train reached Houston, Tex.; second, that if mistaken in the averment that such agents, servants, and employés actually discovered the said Palmer Bullington after he became ill and immediately before the train reached Houston, Tex., and at Houston, Tex., the defendant's servants and employés could, in the exercise of that high degree of care owing by them to plaintiffs' son as a passenger on said train, have discovered said Palmer Bullington in his helpless and unconscious condition, but negligently failed to do so."

Defendant answered by general demurrer and general denial. A jury was selected to try the cause, but after the evidence of both parties had been heard the court instructed the jury to return a verdict for defendant, which was accordingly done, and thereupon judgment was rendered in favor of the defendant. From such judgment, the plaintiffs have appealed.

Appellants' contention is substantially that the court erred in peremptorily instructing a verdict for the defendant, in that the evidence was sufficient to establish the following facts:

(1) That the son was a passenger on defendant's train, going from New Orleans to Houston, as alleged by appellants, his destination being Houston; (2) "that at and immediately before the arrival of said train at Houston, Tex., the said Palmer Bullington was in such physical and mental condition as to be incapable of taking care of himself, because of illness that had overtaken him while a passenger on said train; (3) that the employees in charge of said train knew of the mental and physical condition of the said Palmer Bullington before the arrival of said train at Houston, Tex.; (4) or, if the employees in charge of said train did not have actual knowledge of the physical and mental disability of the said Palmer Bullington while he was a passenger on said train, and before it reached Houston, Tex., there were facts and circumstances known to them from which very prudent persons engaged in the same kind of business could and would have learned of his physical and mental incapacity; * * * (5) that the employees in charge of defendant's train did not put the said Palmer Bullington off of said train at Houston, Tex., the point of his destination; (6) and that the

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

negligence alleged was the proximate cause of the death of plaintiffs' son."

We agree with appellants in their first and fifth propositions. We also think that there was sufficient evidence to support a finding, if made, that the son of the plaintiffs was, immediately before and at the time he reached Houston from New Orleans, in such physical and mental condition as to be incapable of taking care of himself; but we cannot agree with appellants that there was any evidence from which a jury could have found that the employés in charge of the train, or any one of them, knew of the mental or physical condition of their son before said train arrived at Houston, or that there were facts or circumstances known to them from which a very prudent person in the same kind of business would or should have learned of said son's physical and mental condition. Nor do we think there was any probative evidence tending to show that any act of negligence on the part of the employés of the defendant was the proximate cause of the death of plaintiffs' son.

Under such circumstances, we think it was the duty of the court to instruct a verdict for the defendant, and therefore he did not err in so doing. The judgment is affirmed.

Affirmed.